UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MELISSA HARRIS, | Case No. 18-CV-1424 (SRN/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

---

Petitioner Melissa Harris filed a petition for a writ of habeas corpus seeking to amend the restitution portion of her sentence. Harris also suggests that recent, unspecified changes to the United States Sentencing Guidelines should be applied to her already finalized sentence and that her term of imprisonment should be reduced. The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Based on that review, this Court concludes that the petition should be denied summarily.

In 2008, Harris pleaded guilty to conspiracy to defraud the United States and related offenses in the United States District Court for the Western District of Tennessee and was sentenced to a 102-month term of imprisonment. *See United States v. Harris*, No. 2:14-CR-20109-1 (STA) (W.D. Tenn.). The sentencing judgment also imposed over $1 million in restitution obligations in monthly installments equal to 10 percent of gross monthly income during and after the term of imprisonment. *Id*.

---

[1] Although Harris's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

1

Harris' petition is not clear about the basis upon which she seeks to challenge that sentence; she states only that "[t]he restitution is improperly calculated as well as the number of victims under the new sentencing scheme." Petition at 2 [ECF No. 1]. This Court assumes, however, that the claims being raised by Harris in her habeas petition are similar to her unsuccessful challenges filed in the Western District of Tennessee; there she argued that non-retroactive changes to the Sentencing Guidelines should be applied in her case and that she should be permitted to delay payment of restitution until after her term of imprisonment has concluded.

Harris can have no more success here than she had in the Western District of Tennessee. As explained by that court to Harris, any amendments to the United States Sentencing Guidelines that Harris might hope to invoke simply are not available to prisoners whose sentences have already become final.[2] *See* U.S.S.G. § 1B1.10. Harris cannot seek relief on the basis of non-retroactive Guidelines amendments, either in this District or anywhere else. With respect to her restitution obligations, a habeas petitioner can challenge a restitution obligation in habeas corpus proceedings, if at all, only in exceptional circumstances. *See Sample v. Roal*, No. 09-CV-1943 (PAM/JJK), 2010 WL 2131002, at *4 (D. Minn. Mar. 1, 2010) (citing *Dohrmann v. United States*, 442 F.3d 1279 (11th Cir. 2006)); *Satterfield v. Scibana*, 275 Fed. App'x 808, 810 (10th Cir. 2008); *Campbell v. United States*, 330 Fed. App'x 482, 483 (5th Cir. 2009); *Lara v.*

---

[2] Harris does not specify the Guidelines amendment that she intends to invoke. The most plausible candidates are Amendments 791 and 792, which revised U.S.S.G. § 2B1.1, the provision by which Harris was sentenced. Neither amendment was made retroactive. *See, e.g.*, *United States v. Egwuekwe*, 668 Fed. App'x 421 (3d Cir. 2016) (per curiam).

*Smith*, 132 Fed. App'x 420, 421 (3d Cir. 2005).  Harris provides no substantive basis whatsoever to conclude that her restitution obligations are unlawful, much less that her circumstances are so exceptional as to justify habeas corpus relief from that non-custodial obligation.

The habeas corpus petition submitted by Harris is entirely without merit.  It should be summarily denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus of petitioner Melissa Harris [ECF No. 1] be DENIED.

Dated: June 20, 2018                    s/ *Steven E. Rau*
                                        Steven E. Rau
                                        U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).