# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa Harris,<br><br>    Petitioner,<br><br>v.<br><br>Warden Barnes,<br><br>    Respondent. | Case No. 18-cv-1424 (SRN/SER)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE** |

Melissa Harris, 26828-076, FCI-Waseca, P.O. Box 1731, Waseca, Minnesota 557093, pro se.

Ana H. Voss & Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

    This matter comes before the Court on the Objection ("Objection") [Doc. No. 5] of Petitioner Melissa Harris to Magistrate Judge Steven Rau's Report and Recommendation ("R&R") dated June 20, 2018 [Doc. No. 2]. In the R&R, Magistrate Judge Rau recommended that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules Petitioner's Objection, adopts the R&R in its entirety, and denies the Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

## I.   Background

    In 2008, Petitioner pled guilty to conspiracy to defraud the United States and related offenses and was sentenced to 102 months imprisonment. *United States v. Harris*,

1

No. 2:14-CR-20109-1 (STA) (W.D. Tenn.). The sentencing judgment also imposed over $1 million in restitution obligations, in monthly installments equal to 10 percent of gross monthly income, both during and after her term of imprisonment. *Id.*

After her conviction, Petitioner filed an unsuccessful petition for writ of habeas corpus in the Western District of Tennessee, where she had been sentenced. *Id.* In that case, she argued that certain changes to the Sentencing Guidelines should be applied to her sentence and that she should be permitted to delay her restitution obligation until after she is released from prison. *Id.*

On May 14, 2018, Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241 regarding the same claims that she had previously raised in the Western District of Tennessee. After reviewing Petitioner's claims, the magistrate judge found that Petitioner "can have no more success here than she had in the Western District of Tennessee." (R&R at 2.)[1] This Court adopted the R&R in its entirety as the Petitioner had not filed any objections. (Order of July 10, 2018 [Doc. No. 3].)

However, on July 12, 2018, Petitioner filed her belated Objection to the R&R arguing for a third time that changes to the Sentencing Guidelines should be applied to her sentence and that she should be permitted to delay her restitution obligation until after she is released from prison. (Pet'r's Obj. at 3–4.) The Court will consider the late-filed objection, but nonetheless agrees with the magistrate judge's R&R, overrules Petitioner's

---

[1] The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Petitioner's petition was not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nonetheless be applied. *See* Rule 1(b).

2

Objection, and adopts the R&R in its entirety.

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

Any amendments to the Sentencing Guidelines that Petitioner seeks to invoke are not available to prisoners who sentences have already become final. *See* U.S.S.G. § 1B1.10. Petitioner does not specify which Guidelines amendment she seeks to invoke. However, Amendments 791 and 792 seem to be the most plausible as they revised U.S.S.G. § 1B1.10, the provision by which Petitioner was sentenced. But neither of those amendments were made retroactive. *See, e.g.*, *United States v. Egwuekwe*, 668 Fed. App'x 421 (3d Cir. 2016) (per curiam) ("[T]he Sentencing Commission has not listed the Amendments []791 or 792 in U.S.S.G. § 1B1.10(d) as amendments that apply retroactively."); *see also United States v. Burkett*, No. 6:13-CR-60033, 2016 WL

5897782, at *2 (W.D. Ark. Aug. 16, 2016), *report and recommendation adopted*, No. 6:13-CR-60033, 2016 WL 5886892 (W.D. Ark. Oct. 6, 2016); *Morgan v. United States*, No. 14-00044-01-CR-W-DGK, 2016 WL 9046786, at *3 (W.D. Mo. May 2, 2016).

Moreover, Petitioner cannot protest her restitution obligation in a petition for writ of habeas corpus under 28 U.S.C. § 2241 because it in "no way challenges [her] custody." *Satterfield v. Scibana*, 275 F. App'x 808, 810 (10th Cir. 2008); *see also Campbell v. United States*, 330 F. App'x 482, 483 (5th Cir. 2009); *Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005). And even if Petitioner were allowed to question her restitution obligation in a petition for writ of habeas corpus under 28 U.S.C. § 2241, she certainly cannot do so unless it is an exceptional circumstance. *Sample v. Roal*, No. CIV.09-1943(PAM/JJK), 2010 WL 2131002, at *4 (D. Minn. Mar. 1, 2010*), report and recommendation adopted*, No. CIV.09-1943(PAM/JJK), 2010 WL 2131003 (D. Minn. May 24, 2010). But Petitioner has neither provided a substantive basis to conclude that her restitution obligations are unlawful nor one to show that her restitution obligations are so exceptional as to justify habeas corpus relief from her non-custodial obligation.

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court agrees with the magistrate judge that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 should be denied. Accordingly, this Court overrules Petitioner's Objection and adopts the R&R in its entirety.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Harris's Objection [Doc. No. 5] is **OVERRULED**;

2. Magistrate Judge Rau's R&R [Doc. No. 2] is **ADOPTED** in its entirety;

3. Petitioner Harris's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 16, 2018    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge